UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JUAN PEREZ

      Plaintiff,

v.                              Case No.: 6:19-cv-1663

CHEERS CUT PROVIDENCE, LLC d/b/a
TOKEN RAMEN & KUNG FU TEA
      a Florida Limited Liability Company,
JIN H LIN,
      Individually,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN PEREZ, (hereinafter also referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, CHEERS CUT PROVIDENCE, LLC d/b/a TOKEN RAMEN & KUNG FU TEA, a Florida Limited Liability Company,("TOKEN RAMEN") and JIN H LIN("LIN") (hereinafter also referred to collectively as "Defendants"), and states as follows:

### Introduction

1.      This is an action by the Plaintiff against his former employer for unpaid minimum wages, liquidated damages, and other relief under the Florida Minimum Wage Act ("FMWA"), Article X, Section 24 of the Florida constitution; and for unpaid minimum wages, overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U. S. C. § 201 et seq.

### Parties, Jurisdiction, and Venue

2.      Plaintiff, JUAN PEREZ, is a resident of Brevard County, Florida

3.      Defendant, TOKEN RAMEN, is a Florida Company, registered and conducting business in Hillsborough County, Florida.

4.      Upon information and belief, Defendant, JIN H LIN is a resident of Hillsborough County, Florida.

5.      At all times relevant to this action Defendant, JIN H LIN owned and operated TOKEN RAMEN and who regularly exercised the authority to: (a) hire and fire employees of TOKEN RAMEN.; (b) determine the work schedules for the employees of and (c) control the finances and operations TOKEN RAMEN. By virtue of having regularly exercised that authority on behalf TOKEN RAMEN, JIN H LIN is/was an employer as defined by 29 U.S.C. §201, et seq.

6.      Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

7.      At all times relevant, Defendant, TOKEN RAMEN, was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and its annual gross volume of sales made or business done is not less than $500,000.

8.      All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

9.      Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC to represent his interest in this matter, and Plaintiff has agreed to pay, said firm a reasonable attorney's fee for its services.

### *General Allegations*

10.     Plaintiff was a non-exempt, hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

11.     Plaintiff was a non-exempt employee of Defendants working at TOKEN RAMEN restaurant who earned but did not receive at least a minimum wage for each hour worked.

12.     Plaintiff was a non-exempt employee of Defendants working at TOKEN RAMEN restaurant who worked in excess of 40 hours during a workweek but was not paid at a rate of one-and one-half times his regular rate for each hour worked over 40 during a workweek.

13.     At all times relevant, Defendant, TOKEN RAMEN, did business as a restaurant at 5914 Providence Rd, Riverview, FL 33578.

14.     At all times relevant, Defendant, TOKEN RAMEN, was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and its annual gross volume of sales made or business done is not less than $500,000.

15.     Defendant was Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

### *Compliance with Condition(s) Precedent Satisfied*

16. On August 8, 2019, Plaintiff, through counsel, sent Defendant his notice of intent to initiate a civil action for violations of the Florida Minimum Wage Act, pursuant to Florida Statute § 448.110(6)(a).

17. More than 15 calendar days have elapse since Defendant's receipt of the Florida Statute § 448.110(6)(a) Notice and they have failed to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of Plaintiff.

### COUNT I – RECOVERY OF UNPAID MINIMUM WAGE
### FLORIDA STATUE § 448.110

18. Plaintiff re-alleges and incorporates paragraphs 1 through 17 of this Complaint, as if set forth in full herein.

19. Plaintiff's August 8, 2019 notice explained that Plaintiff had worked for Defendant from June 16, 2019 until June 30, 2016.

20. During the term of his employment the plaintiff worked a total of 195 hours, including 102 overtime hours, but was only compensated $900, which equates to an hourly rate of $4.62 per hour.

21. During Plaintiff's term of employment Florida's minimum wage was $8.46, while the Federal Minimum Wage was $7.25.

22. During Plaintiff's term of employment he was paid at a rate well below Florida's minimum wage.

23. Defendant failed to pay Plaintiff the Florida Minimum Wage for all hours worked in violation of Fla. Const Art X Sec 24.

24. Plaintiff was damaged by Defendant's failure to pay him Florida Minimum Wages.

25. As a result of the Defendant's willful violation of Florida Minimum Wage Act, Plaintiff is entitled to liquidate damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, but not limited to:

    a.  Judgment for unpaid minimum wages;

    b.  Liquidated damages in the same amount pursuant to Fla. Stat.  448.110(6)(c)(1).

    c.  An award of reasonable attorney's fees and all costs incurred herein    pursuant to Fla. Stat.  448.110(6)(c)(1); and

    d.  All other damages to which Plaintiff may be entitled.

## COUNT II –RECOVERY OF UNPAID MINIMUM WAGE FLSA

26.        Plaintiff re-alleges and incorporates paragraphs 1 through 17 of this Complaint, as if set forth in full herein.

27.        During the term of his employment the plaintiff worked 195 hours over a period of 15 days but was only compensated $900 which equates to an hourly rate of $4.62 per hour.

28.        During Plaintiff's term of employment Federal Minimum Wage was $7.25.

29.        During Plaintiff's term of employment, he was paid at a rate well below Federal minimum wage.

30.        Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during his employment with Defendant.

31.        Defendant failed to pay Plaintiff the Federal Minimum Wage for all hours worked in violation of FLSA.

32.        Plaintiff was damaged by Defendant's failure to pay him Federal Minimum Wage.

33.        As a result of the Defendant's willful violation of FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, but not limited to:

        a.        Judgment for unpaid minimum wages;

        b.        Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.

        c.        An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

        d.        All other damages to which Plaintiff may be entitled.

## COUNT III – RECOVERY OF OVERTIME COMPENSATION FLSA

34. Plaintiff re-alleges and incorporates paragraphs 1 through 17 of this Complaint, as if set forth in full herein.

35. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per week.

36. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

37. Plaintiff was effectively paid an hourly rate of $4.62 per hour.

38. Plaintiff worked 102 overtime hours but was not paid time and one-half his regular rate for those hours.

39. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

40. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, for all damages to which he may be entitled, including, but not limited to:

      a.      Judgment for unpaid overtime compensation;

      b.      Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.

c.       An award of reasonable attorney's fees and all costs incurred herein

pursuant to 29 U.S.C. § 216(b); and

d.       All other damages to which Plaintiff may be entitled.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 26th day of August 2019.

ARCADIER & ASSOCIATES, P.A.

*/s/ Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Maurice Arcadier, Esquire
Florida Bar No. 0131180
Ethan B. Babb, Esquire
Florida Bar No. 127488
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@wamalaw.com
Secondary Email: wood@wamalaw.com
Phone: (321) 953-5998
Fax: (321) 953-6075